UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD GUITEMBERG BRUTUS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-07286-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING MOTION TO APPOINT COUNSEL AS MOOT

(Doc. No. 2)

On September 10, 2026, petitioner, proceeding *pro se*, filed a combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for temporary restraining order. (Doc. No. 1.) On September 16, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition that it had to the court ruling on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position if it opposed. (*Id.*)

On September 16, 2026, respondent filed a response to the motion. (Doc. No. 7.) In that opposition, respondent states that petitioner was originally detained pursuant to 8 U.S.C.

§ 1225(b)(2) and subsequently paroled into the United States. (*Id.* at 1.) Respondent argues that petitioner is now subject to § 1225(b)(1) because his parole expired on June 1, 2025. (*Id.*) Respondent states that this case does not present distinguishing circumstances from cases where courts have ordered a bond hearing.[1] (*Id.*) Respondent has not stated any opposition to this court ruling directly on the petition, and the court will do so.

Based upon the parties' submissions, the court finds the following facts. On or about October 7, 2023, petitioner presented himself at a designated port of entry and applied for admission to the United States pursuant to the Haitian Humanitarian Parole Program ("HHP"). (Doc. No. 7-1 at 2.) That same day, petitioner was paroled into the United States.[2] (*Id.*) Petitioner has children who are U.S. citizens and dependent upon him. (Doc. No. 1 at ¶ 24.) On or about July 20, 2026, Immigration and Customs Enforcement ("ICE") re-detained petitioner after lodging an immigration detainer with the Broward County Jail. (Doc. No. 7-1 at 2.) There is no indication that petitioner was provided notice or a pre-detention hearing before ICE re-detained him.

As a preliminary matter, the court rejects respondent's argument that petitioner is subject to § 1225(b)(1) because, as other courts have found, "§ 1225(b)(1) does not authorize the expedited removal and detention of noncitizens who, like [p]etitioner, were previously paroled into the United States and can no longer be considered 'arriving' at the nation's borders." *Mendez v. Warden of Cal. City Det. Facility*, No. 1:26-cv-04185-VC, 2026 WL 2234489, at *2 (E.D. Cal. Aug. 3, 2026) (collecting cases). In light of the fact that petitioner was previously paroled into the United States, the court incorporates the reasoning set forth in *Chavarria v.*

---

[1] Respondent does not cite any cases in support of this position, nor does it address the cases that the court directed respondent to distinguish in its prior order setting a briefing schedule. (Doc. No. 7 at 2.)

[2] It appears that petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5), the statutory provision of the Immigration and Nationality Act that provides for humanitarian parole, under the now defunct HHP. *See* 88 Fed. Reg. 1243 (Jan. 9, 2023); *see also E.V. v. Raycraft,* No. 4:25-cv-02069, 2025 WL 2938594, at *2–3 (N.D. Ohio Oct. 16, 2025) (citing to § 1182(d)(5) as the basis for parole of citizens under the humanitarian parole programs such as the HHP). The parties present no suggestion that petitioner was not paroled into the United States pursuant to § 1182(d)(5).

*Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5 (E.D. Cal. Dec. 9, 2025), and concludes that petitioner's re-detention without a notice or a pre-deprivation hearing violated due process because petitioner obtained a liberty interest in his continued freedom when the government paroled him into the United States. Further, the court incorporates the reasoning set forth in *Moran v. Andrews*, No. 1:26-cv-04891-DAD-AC, 2026 WL 1893581, at *2 (E.D. Cal. June 30, 2026), where, as here, respondents provided no evidence or argument that there was a necessity of quick action by ICE such that petitioner could not have been provided a pre-detention hearing after he was released by local authorities. Accordingly, the court will grant the petitioner and order petitioner's immediate release.[3]

For the reasons explained above,

1. Petitioner's combined petition for writ of habeas corpus and motion for temporary restraining order (Doc. No. 1) is GRANTED in part as follows:

    a. The petition for writ of habeas corpus is GRANTED as follows:

        i. Respondent is ORDERED to immediately release petitioner Richard Guitemberg Brutus, A-File No. 233-080-645, from respondent's custody;

        ii. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without

[3] The court observes that, in support of its response, respondent attaches a Notice to Appear ("NTA") that was issued to petitioner on July 20, 2026. (Doc. No. 7-2.) That notice designates him as an "arriving alien[.]" (*Id.* at 1.) While this might undermine a finding that petitioner is subject to § 1226(a), which the court does not decide here, it does not alter the ultimate conclusion that petitioner had a due process right to a pre-detention hearing before being deprived of his freedom–a right he enjoyed following being paroled into the United States. *Cortez Lugos v. Mullin*, No. 5:26-cv-01880-KES, 2026 WL 1250264 (C.D. Cal. May 1, 2026) (finding that a petitioner who was designated as an "arriving alien" on his NTA and paroled into the United States incurred a due process violation when the government re-detained him without notice or a pre-detention hearing). This conclusion is not altered by the fact that the Department of Homeland Security has terminated the HHP. *See Bertrand v. La Rose*, No. 26-cv-04195-BAS-JAC, 2026 WL 2280642, at *2–3 (S.D. Cal. Aug. 6, 2026) (rejecting the government's argument that changed circumstances exist because "the HHP has now been terminated" and concluding that a petitioner who was previously released into the United States pursuant to the HHP was entitled to notice and a pre-detention hearing before being re-detained by immigration authorities).

notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

b. Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus on the merits;

2. Petitioner's motion to appoint counsel (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE